IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-139-B-BN |
| | § | |
| AT&T SERVICES INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate

judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Jane J. Boyle. The undersigned enters these findings of

fact, conclusions of law, and recommendation that the Court should dismiss this action

without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Janet Mason, a resident of Richardson, Texas, has filed a complaint

against Defendant AT&T Services Inc., alleging that this defendant has implanted

microphones in her ears, in her teeth, and in other parts of her body and that the

microphones are used to assault her. *See* Dkt. No. 3 at 1. The civil cover sheet indicates

that this action presents a federal question, *see id.* at 2, but the facts alleged do not

support this assertion, *see generally id.* While Mason has moved for leave to proceed

*in forma pauperis*, *see* Dkt. No. 4, upon an initial review of her complaint, the

undersigned, concerned that subject matter jurisdiction was lacking, issued an order on January 22, 2018 requiring that Mason file, no later than February 21, 2018, a written response to show that the Court has subject matter jurisdiction over her lawsuit. *See* Dkt. No. 5. The Court docketed Mason's timely response on January 31, 2018. *See* Dkt. No. 6.

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Mason chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28

(1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

In her response to the show cause order, Mason asserts that there is federal question jurisdiction because "wireless microphones are federally regulated." Dkt. No. 6 at 1 (citing 47 C.F.R. § 15.236). But a reference "made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction." *Borders v. La. Citizens Prop. Ins. Co., Civ.* A. No. 07-5399, 2017 WL 3334323, at \*2 (E.D. La. Nov. 8, 2007) (citing *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. Unit A Aug. 1981); citations omitted). And Section 15.236 – concerning the operation of wireless microphones at certain designated bands – "has no express provision creating a private cause of action," which requires the Court to "determine if such is implied within the statute." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 608 (5th Cir. 2001)).

To determine whether [to] infer a cause of action when one is not

> explicitly authorized by Congress, [the Court] must answer the four questions posed by the Supreme Court in *Cort v. Ash*[, 422 U.S. 66 (1975).] The *Cort* questions are: "(1) whether the plaintiff is one of a class for whose especial benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law." [*Till*, 653 F.2d at 157 (citing *Cort*, 422 U.S. at 78)]. Cases subsequent to *Cort* have recognized that all four factors may be important, but the determinative question is whether Congress intended to create a private right of action in favor of the plaintiff. [*California v. Sierra Club*, 451 U.S. 287, 293 (1981)].

*Wright v. Allstate Ins. Co.*, 500 F.3d 390, 395 (5th Cir. 2007) (footnotes omitted); *see also Till*, 653 F.2d at 161 ("No private remedy exists in a statute which does not provide private rights to an identifiable class, does not prohibit conduct as unlawful and whose legislative history is silent on the existence of a private cause of action. The third and fourth factors of the *Cort* test are relevant only if the first two indicate an intent to create the private remedy." (citations omitted)); *Acara*, 470 F.3d at 571 ("[T]he plaintiff has the relatively heavy burden to show Congress intended private enforcement, and must overcome the presumption that Congress did not intend to create a private cause of action." (citing *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 521-22 (5th Cir. 2002))).

Considering these standards, Mason has not carried her burden to show that the federal regulation she cites – which plainly "does not prohibit conduct as unlawful" – creates a private remedy. *Till*, 653 F.3d at 161.

Although Mason appears not to advance an argument that diversity jurisdiction exists, *see generally* Dkt. Nos. 3 & 6, the Court may infer from the facts alleged in the

complaint and from Mason's domicile in Richardson, Texas that she is a citizen of Texas, *see, e.g., Bacon v. Southwest Airlines Co.*, 997 F. Supp. 775, 779 (N.D. Tex. 1998), and the Court also may take notice that AT&T's corporate headquarters are in Dallas, Texas. It is therefore apparent that complete diversity is lacking. *See, e.g., Bacon*, 997 F. Supp. at 779 ("Plaintiffs' complaint strongly indicates that they are citizens of Texas. Defendants SWA and American Express are also citizens of Texas, which means that complete diversity does not exist." (footnote omitted)); *cf. Arshia, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 3:12-cv-2122-L, 2012 WL 4748065, at *2 (N.D. Tex. Oct. 4, 2012) ("[T]he law is that diversity of citizenship must exist, not diversity of residency; however, in light of Kincaid residing in Texas and his nonopposition to remand, the court reasonably infers that he is a citizen of Texas." (emphasis omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-6-